SNELL & WILMER L.L.P.
Becca J. Wahlquist, Bar No. 215948
bwahlquist@swlaw.com
Patricia Brum, Bar No. 296629
350 South Grand Avenue, Suite 3100
Los Angeles, California 90071
Telephone: 213.929.2500
Facsimile: 213.929.2525

Attorneys for Defendant
Amerisave Mortgage Corporation

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| Terry Fabricant, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>AmeriSave Mortgage Corporation, and DOES 1 through 10, inclusive, and each of them,<br><br>Defendants. | Case No. 2:19-cv-04659-AB-AS<br><br>Hon. Judge Andrew Birotte Jr.<br>(Ctrm 7B)<br><br>**ANSWER TO FIRST AMENDED CLASS ACTION COMPLAINT**<br><br>Trial Date: Not Set<br>Date Action Filed: May 29, 2019 |

Pursuant to Rule 8 of the Federal Rules of Civil Procedure, Defendant AmeriSave Mortgage Corporation ("AmeriSave") by and through its attorneys, hereby submits its answer to Plaintiff's First Amended Complaint ("Complaint"). No answer is required with respect to the headings, prayers for relief, and other contents of the Complaint that do not set forth allegations of fact and are not included within numbered paragraphs. Any such materials are repeated herein solely for ease of reference when comparing this Answer with the Complaint.

1. AmeriSave admits that Plaintiff brought the above-captioned action, the content of which speaks for itself. AmeriSave incorporates its responses to the individual allegations of the Complaint as set forth therein.

2. The allegations of this paragraph do not contain factual assertions, but rather set forth one or more legal conclusions to which no response is required. To the extent that a further response is required, AmeriSave states that the Telephone Consumer Protection Act of 1991, PL 102-243, December 20, 1991, 105 Stat 2394 ("TCPA"), speaks for itself.

3. The allegations of this paragraph do not contain factual assertions, but rather set forth one or more legal conclusions to which no response is required. To the extent that a further response is required, AmeriSave states that the TCPA speaks for itself.

4. The allegations of this paragraph do not contain factual assertions, but rather set forth one or more legal conclusions to which no response is required. To the extent that a further response is required, AmeriSave states that the TCPA speaks for itself.

5. The allegations of this paragraph do not contain factual assertions, but rather set forth one or more legal conclusions to which no response is required. To the extent that a further response is required, AmeriSave states that the TCPA speaks for itself.

6. The allegations of this paragraph do not contain factual assertions, but rather set forth one or more legal conclusions to which no response is required. To the extent that a further response is required, AmeriSave denies that certification of a class is appropriate or warranted here.

## JURISDICTION AND VENUE

7. AmeriSave admits that this Court has subject matter jurisdiction because there is original jurisdiction in this Court for claims asserted under the TCPA. AmeriSave denies that diversity jurisdiction is proper and that the damages threshold under the Class Fairness Act of 2005 is met in this case.

8. AmeriSave does not object to the United States District Court for the Central District of California as the venue for this case.

## PARTIES

9. AmeriSave lacks sufficient knowledge to admit or deny the allegations of this paragraph and, on that basis, denies them.

10. Admit as to AmeriSave only. As to allegations against the unnamed Doe Defendants, AmeriSave lacks sufficient knowledge to admit or deny the allegations of this paragraph and, on that basis, denies them.

## FACTUAL ALLEGATIONS

11. AmeriSave lacks sufficient knowledge to admit or deny the allegations of this paragraph and, on that basis, denies them.

12. Admit as to AmeriSave only. As to allegations against the unnamed Doe Defendants, AmeriSave lacks sufficient knowledge to admit or deny the allegations of this paragraph and, on that basis, denies them.

13. Admit as to AmeriSave only. As to allegations against the unnamed Doe Defendants, AmeriSave lacks sufficient knowledge to admit or deny the allegations of this paragraph and, on that basis, denies them.

14. Admit as to AmeriSave only. As to allegations against the unnamed Doe Defendants, AmeriSave lacks sufficient knowledge to admit or deny the

allegations of this paragraph and, on that basis, denies them.

15. Denied that AmeriSave sent Plaintiff spam advertisements. Admit that AmeriSave sent Plaintiff at least one marketing communication after Plaintiff provided his cellular telephone number for such communications.

16. AmeriSave admits that a text message was sent to Plaintiff's provided cellular number on April 15, 2019, which message speaks for itself.

17. The allegations of this paragraph do not contain factual assertions, but rather set forth one or more legal conclusions to which no response is required. To the extent a further response is required, AmeriSave denies any allegation that its alleged text message to Plaintiff was placed with an Automatic Telephone Dialing System ("ATDS") as that equipment is defined in the TCPA.

18. AmeriSave lacks sufficient knowledge to admit or deny the allegations of this paragraph and, on that basis, denies them.

19. Admit that any communications discussed in the Complaint were not placed for emergency purposes.

20. Admit that Plaintiff was never a customer of AmeriSave. AmeriSave denies the remaining allegations in this paragraph.

21. The allegations of this paragraph do not contain factual assertions, but rather set forth one or more legal conclusions to which no response is required. To the extent that a further response is required, AmeriSave states that *Satterfield v. Simon & Schuster, Inc.* speaks for itself.

22. Denied.

### CLASS ACTION ALLEGATIONS

23. AmeriSave admits that Plaintiff purports to bring a class action on behalf of himself and all other persons similarly situated. To the extent a further response is required, AmeriSave denies that the proposed class is an appropriate class definition and denies that class certification is appropriate in this matter.

24. AmeriSave admits that Plaintiff purports to bring a class action on behalf of himself and all other persons similarly situated. To the extent a further response is required, AmeriSave denies that the proposed class is an appropriate class definition and denies that class certification is appropriate in this matter.

25. The allegations of this paragraph do not contain factual assertions but rather set forth further conditions to the purported class membership, and require no response. To the extent a further response is required, AmeriSave denies that the proposed class is an appropriate class definition, denies that class certification is appropriate in this matter, and denies the alleged numerosity of the proposed.

26. Denied that Plaintiff or putative class members were harmed by the communications at issue or would have actual damages to assert. To the extent a further response is required, AmeriSave denies any remaining factual allegations.

27. The allegations of this paragraph do not contain factual assertions but rather set forth the remedies sought by the purported class. To the extent a further response is required, AmeriSave denies that any recovery is warranted in this case.

28. The allegations of this paragraph do not contain factual assertions but rather set forth one or more legal conclusions to which no response is required. To the extent a further response is required, AmeriSave denies that any reasonably proportionate discovery can determine the membership of the proposed class and denies that class certification is appropriate in this matter.

29. The allegations of this paragraph do not contain factual assertions but rather set forth one or more legal conclusions to which no response is required. To the extent a further response is required, AmeriSave denies the allegation in this paragraph that common questions of law or fact would predominate, and that the issues of law and fact identified by Plaintiff in this paragraph would be common to all members of the putative classes.

30. The allegations of this paragraph do not contain factual assertions but rather set forth one or more legal conclusions to which no response is required. To

1  the extent a further response is required, AmeriSave denies that Plaintiff's claims
2  are typical of the claims of the other purported members of the proposed class and
3  denies that class certification is appropriate in this matter.

4      31.    Denied that Plaintiff or putative class members were irreparably
5  harmed by the communications at issue or would have actual damages to assert.  To
6  the extent a further response is required, AmeriSave denies any remaining factual
7  allegations.

8      32.    AmeriSave lacks sufficient knowledge to admit or deny the allegations
9  of this paragraph and, on that basis, denies them.

10    33.    The allegations of this paragraph do not contain factual assertions but
11  rather set forth one or more legal conclusions to which no response is required.  To
12  the extent a further response is required, AmeriSave denies that class certification is
13  appropriate in this matter or that a class action would be superior here.

14    34.    The allegations of this paragraph do not contain factual assertions but
15  rather set forth one or more legal conclusions to which no response is required.  To
16  the extent a further response is required, AmeriSave denies that it has acted or
17  refused to act on grounds applicable to the members of the putative classes and
18  denies the allegation that declaratory or injunctive relief would be appropriate.

19  **FIRST CAUSE OF ACTION (Negligent TCPA Violation)**

20    35.    AmeriSave incorporates by reference its responses to paragraphs 1-34
21  of the Complaint as if fully stated herein.

22    36.    Denied.
23    37.    Denied.
24    38.    Denied.

25  **SECOND CAUSE OF ACTION (Willful TCPA Violation)**

26    39.    AmeriSave incorporates by reference its responses to paragraphs 1-38
27  of the Complaint as if fully stated herein.

28    40.    Denied.

41. Denied.

42. Denied.

## AFFIRMATIVE DEFENSES

By setting forth these affirmative defenses, AmeriSave does not assume the burden of proving any fact, issue, or element of a claim for relief where such burden properly belongs to Plaintiff. AmeriSave reserves the right to assert additional defenses upon discovery of further information regarding Plaintiff's claims and upon the development of other relevant information.

## FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state a claim upon which relief may be granted.

## SECOND AFFIRMATIVE DEFENSE

One or more members of the putative class lack standing to maintain the instant causes of action.

## THIRD AFFIRMATIVE DEFENSE

Plaintiff or one or more members of the putative class gave prior express consent to receive the telephone calls at issue in this case.

## FOURTH AFFIRMATIVE DEFENSE

All of the claims constitute an undue burden on speech and thus violate the First Amendment of the United States Constitution.

## FIFTH AFFIRMATIVE DEFENSE

All claims for class-wide relief contained in the Complaint are barred because class certification is inappropriate in this matter under Federal Rule of Civil Procedure 23.

## SIXTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred because AmeriSave's conduct is not unlawful in that AmeriSave complies with applicable statutes and regulations.

### SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims against AmeriSave are barred because any harm allegedly suffered by Plaintiff and/or putative class members was caused and/or contributed to by third parties over whom AmeriSave has no control with respect to the time, means, method, or manner by which they conduct business or personal affairs.

### EIGHTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred because AmeriSave did not intend to call him without his prior consent.

### NINTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred because AmeriSave did not engage in willful and/or knowing misconduct.

### TENTH AFFIRMATIVE DEFENSE

The statutory damages sought are excessive in violation of the Eighth Amendment of the United States Constitution and are in violation of the due process clauses of the Fifth and Fourteenth Amendments of the United States Constitution.

### ELEVENTH AFFIRMATIVE DEFENSE

The acts and statements of AmeriSave were fair and reasonable and were performed in good faith based on all the relevant facts known to AmeriSave. AmeriSave acted with a good faith belief that it had good cause and/or a legitimate business reason to act as it did and did not directly or indirectly perform any acts that would constitute a violation of Plaintiff's rights.  Thus, Plaintiff is not entitled to any damages whatsoever.

### PRAYER FOR RELIEF

WHEREFORE, Defendant prays to the Court as follows:

1. That Plaintiff take nothing by reason of his Complaint;
2. That the Court deny certification of any class;
3. That the Court enter judgment in favor of Defendant; and

4. That the Court award such further relief as the Court deems just and proper.

Dated:  August 22, 2019

SNELL & WILMER L.L.P.

By: */s/ Becca Wahlquist*
    Becca J. Wahlquist
    Patricia Brum

Attorneys for Defendant
AmeriSave Mortgage Corporation

# PROOF OF SERVICE

I, Becca Wahlquist, declare as follows:

I am employed in Los Angeles County, Los Angeles, California. I am over the age of eighteen years and not a party to this action. My business address is Snell & Wilmer L.L.P., 350 S. Grand Avenue, Suite 3100, Los Angeles, California 90071. On August 22, 2019, I served the within:

**ANSWER TO FIRST AMENDED CLASS ACTION COMPLAINT**

on the interested parties in this action addressed as follows:

- **Adrian Robert Bacon,** abacon@toddflaw.com
- **Todd M Friedman,** tfriedman@toddflaw.com

☒ (**BY ELECTRONIC MAIL**) By transmitting such document(s) electronically via the Central District of California's CM/ECF system, to the persons at the electronic mail addresses listed above.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct and that this declaration was executed on August 22, 2019, at Los Angeles, California.

/s/ Becca Wahlquist
Becca Wahlquist