Todd M. Friedman (SBN 216752)
Adrian R. Bacon (SBN 280332)
**LAW OFFICES OF TODD M. FRIEDMAN, P.C.**
21550 Oxnard Street, Suite 780
Woodland Hills, CA 91367
Phone: 877-206-4741
Fax: 866-633-0228
tfriedman@toddflaw.com
abacon@toddflaw.com
*Attorneys for Plaintiff*

## UNITED STATE DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

TERRY FABRICANT, individually and on behalf of all others similarly situated,

Plaintiff,

vs.

AMERISAVE MORTGAGE CORPORATION, and DOES 1 through 10, inclusive, and each of them,

Defendant.

Case No. 2:19-cv-04659-AB-AS

**CLASS ACTION**

**PLAINTIFF'S NOTICE OF MOTION & MOTION FOR PRELIMINARY APPROVAL OF CLASS SETTLEMENT AND CERTIFICATION OF SETTLEMENT CLASS**

Assigned to the Honorable Andre' Birotte, Jr.

**DATE:** MARCH 6, 2020
**TIME:** 10:00 A.M.
**COURTROOM:** 7D

[Filed and Served Concurrently with Declaration of Todd M. Friedman; Declaration of Terry Fabricant [Proposed] Order]

**PLAINTIFF'S NOTICE OF MOTION & MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT AND CERTIFICATION OF SETTLEMENT CLASS**

**TO ALL PARTIES AND TO THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that on Friday, March 6, 2020 at 10:00 a.m., before the United States District Court, Central District of California, Courtroom 7D, 350 W. 1st Street, Los Angeles, California 90012 (7th Floor) plaintiff Terry Fabricant ("Plaintiff") will move this Court for an order granting preliminary approval of the class action settlement and certification of the settlement class as detailed in Plaintiff's Memorandum of Points and Authorities.

This Motion is based upon this Notice, the accompanying Memorandum of Points and Authorities, the declarations and exhibits thereto, the Complaint, all other pleadings and papers on file in this action, and upon such other evidence and arguments as may be presented at the hearing on this matter.

Date: February 7, 2020

**The Law Offices of Todd M. Friedman, PC**

By:  _/s/ Todd M. Friedman_
Todd M. Friedman
_Attorneys for Plaintiffs_

1

## <u>CERTIFICATION OF COMPLIANCE WITH LOCAL RULE 7-3</u>

2

Plaintiff's counsel certifies that prior to filing the instant motion, the parties,

3

through counsel, met and conferred pertaining to the subject matter of the instant

4

motion. Defendant does not oppose this motion.

5

6

Date: February 7, 2020                          **The Law Offices of Todd M.
                                                Friedman, PC**

7

8

By: *<u>/s/ Todd M. Friedman</u>*
                                                Todd M. Friedman

9

                                                *Attorneys for Plaintiffs*

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# TABLE OF CONTENTS

I. INTRODUCTION ..................................................................................1

II. STATEMENT OF FACTS .........................................................................4

    A. Factual Background ......................................................................4

    B. Proceedings to Date ......................................................................4

    C. Statement of Facts.........................................................................5

        1. The Settlement Class ...............................................................5

            a. The Settlement Class .....................................................5

            b. Class Membership Determination.................................5

        2. Settlement Payment .................................................................5

        3. Monetary Benefit to Class Members and Class Notice ..............6

        4. Scope of Release .....................................................................7

        5. Opportunity to Opt Out and Object...........................................7

        6. Payment of Notice and Administrative Costs ............................8

        7. Class Representative's Application for Incentive Award ..........8

        8. Class Counsel's Application for Attorneys' Fees, Costs and Expenses ..............................................................................9

        9. Cy Pres Distribution................................................................9

III. ARGUMENT..................................................................................9

    A. The Legal Standards for Preliminary Approval of a Class Action Settlement................................................................9

    B. Liability is Highly Contested and Both Sides Face Significant Challenges in Litigating this Case ...............................................12

    C. Defendant's Agreement to Finance the Common Benefit Fund Provides a Fair and Substantial Benefit to the Class ...............14

    D. The Settlement was Reached as the Result of Arms-Length

PLAINTIFF'S NOTICE OF MOTION & MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT AND CERTIFICATION OF SETTLEMENT CLASS

i

Negotiation, Without Collusion, with the Assistance of the
Mediator ........................................................................................14

E. **The Settlement Experienced Counsel Have Determined that the
Settlement is Appropriate and Fair to the Class** .......................15

F. **The Court Should Preliminarily Certify the Class for Purposes of
Settlement** ...................................................................................15

G. **The Proposed Class is Numerous.** ...............................................15

H. **The Commonality Requirement is Satisfied, Because Common
Questions of Law and Fact Exist.** ...............................................16

I. **The Typicality Requirement is Met.** ...........................................16

J. **The Adequacy Requirement is Satisfied.** ....................................17

K. **Common Questions Predominate, Sufficient to Certify a Class for
Settlement Purposes Only.** .........................................................17

L. **Class Treatment for Settlement Purposes is Superior to Individual
Resolutions.** ...............................................................................18

M. **The Proposed Class Notice is Consistent with Ninth Circuit
Requirements and Provides Adequate Notice for Claims,
Objections and Opt Outs.** ..........................................................19

N. **The Court Should Preliminarily Certify the Class for Purposes of
Settlement.** .................................................................................22

O. **The Court Should Appoint Epiq Systems, Inc. as the Settlement
Administrator** .............................................................................23

P. **Final Approval Hearing Should be Scheduled** ..............................23

IV. CONCLUSION ...................................................................................23

1

## Table of Authorities

2

**Cases**

3

*Amchem Prods. Inc. v. Woodward*,

4

  521 U.S. 591 (1997) .........................................................................18

5

*Barani v. Wells Fargo Bank, N.A.*,

6

  2014 WL 1389329 (S.D. Cal. Apr. 9, 2014) .......................................20

7

*Boyd v. Bechtel Corp.*,

8

  485 F. Supp. 610 (N.D. Cal. 1979)......................................................11

9

*Elkins v. Equitable Life Ins. of Iowa*,

10

  1998 WL 133741 (M.D. Fla. Jan. 27, 1998) .......................................18

11

*Golan v. FreeEats.com, Inc.*,

12

  930 F.3d 950 (8th Cir. 2019) ...............................................................12

13

*Hanlon v. Chrysler Corp.*,

14

  150 F.3d 1011, 1026 (9th Cir. 1998)............................................ passim

15

*Harris v. Palm Springs Alpine Estates, Inc.*,

16

  329 F.2d 909 (9th Cir. 1964) ...............................................................15

17

*In re Prudential Sec. Inc. Ltd. Partnerships Litig.*,

18

  163 F.R.D. 200 (S.D.N.Y. 1995).....................................................9, 10

19

*Kirkorian v. Borelli*,

20

  695 F.Supp. 446 (N.D. Cal.1988)........................................................11

21

*Lerwill v. Inflight Motion Pictures, Inc.*,

22

  582 F.2d 507 (9th Cir. 1978) ...............................................................22

23

*Linney v. Cellular Alaska P'ship*,

24

  151 F.3d 1234 (9th Cir. 1998) .............................................................11

25

*Lo v. Oxnard European Motors, LLC*,

26

  2012 WL 1932283 (S.D. Cal. May 29, 2012) .....................................20

27

*Local Joint Exec. Bd. of Culinary/Bartender Trust Fund v. Las Vegas Sands, Inc.*,

28

**PLAINTIFF'S NOTICE OF MOTION & MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT AND CERTIFICATION OF SETTLEMENT CLASS**

iii

244 F.3d 1152 (9th Cir. 2001) ......................................................17, 18

*Mullane v. Central Hanover Bank & Trust Co.*,

339 U.S. 306 (1950) ............................................................19

*Officers for Justice v. Civil Service Comm'n*,

688 F.2d 615 (9th Cir. 1982) ..............................................9, 10

*Philadelphia Hous. Auth. v. Am. Radiator & Standard Sanitary Corp.*,

323 F. Supp. 364 (E.D. Pa. 1970) ........................................10

*Schaffer v. Litton Loan Servicing, LP*,

2012 WL 10274679 (C.D. Cal. Nov. 13, 2012) ......................20

*Silber v. Mabon*,

18 F.3d 1449 (9th Cir. 1994) ...............................................19

*Strube v. Am. Equity Inv. Life Ins. Co.*,

226 F.R.D. 688 (M.D. Fla. 2005) ........................................18

*Torrisi v. Tucson Electric Power Co.*,

8 F.3d 1370 (9th Cir. 1993) .................................................21

*Utility Reform Project v. Bonneville Power Admin.*,

869 F.2d 437 (9th Cir. 1989) ...............................................9

*Valentino v. Carter-Wallace*,

97 F.3d 1227 (9th Cir. 1996) ...............................................18

*Wehner v. Syntex Corp.*,

117 F.R.D. 641 (N.D. Cal. 1987) .........................................16

*West Va. v. Chas. Pfizer & Co.*,

440 F.2d 1079 (2d Cir. 1971) ..............................................10

*Wireless Facilities, Inc. Sec. Litig. II*,

253 F.R.D. 607 (S.D. Cal. 2008) ..........................................14, 16

*Zincser v. Accufix Research Institute, Inc.*,

*253 F.3d 1188 (9th Cir. 2001)* ...........................................17

**PLAINTIFF'S NOTICE OF MOTION & MOTION FOR PRELIMINARY APPROVAL OF CLASS
ACTION SETTLEMENT AND CERTIFICATION OF SETTLEMENT CLASS**

iv

**Statutes**

28 U.S.C. § 1715 .......................................................................2, 6, 11, 25

Fed. R. Civ. Proc. 23(e) ...........................................................................19

Federal Rule of Civil Procedure 23(b)(3) ......................................... passim

Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq*....................... passim

**Other Authorities**

*Manual for Complex Litigation*

   (Fourth) (Fed. Judicial Center 2004).............................................9, 11

*Moore's Federal Practice – Civil*

   § 23.165[3] (3d ed.) ...........................................................................10

*Newberg on Class Actions*

   § 11.25 *et seq*., and § 13.64 (4th ed. 2002 and Supp. 2004) ..................9

## MEMORANDUM OF POINTS & AUTHORITIES

### I. INTRODUCTION

Plaintiff Terry Fabricant (hereinafter "Plaintiff", "Fabricant" or "Class Representative"), individually and on behalf of the "Settlement Class" (as defined below), hereby submits this motion for preliminary approval of a proposed settlement (the "Settlement") of this action (the "Litigation") and of certification of the proposed settlement class. Defendant AmeriSave Mortgage Corporation. (hereinafter referred to as "AmeriSave" or "Defendant") does not oppose Plaintiff's motion (Plaintiff and Defendant shall collectively be referred to as the "Parties"). The terms of the Settlement are set forth in the Settlement Agreement and Release (hereinafter the "Agreement").[1] *See Declaration of Todd M. Friedman* (*"Friedman Decl.*), ¶ 10, Ex. A.

The proposed Settlement resulted from the Parties' participation in an all-day mediation session before the Honorable George H. King (Ret.) of Jams,[2] and subsequent settlement discussions.  The Settlement provides for a substantial financial benefit to the Class Members.  The Settlement Class consists of the individuals who are the record subscribers of 2,343,247 unique United States cell phone numbers that were called and/or sent text messages by Defendant between April 1, 2018 and December 31, 2019 (the "Class Period").  For purposes of this Settlement, the cell phone subscribers of these telephone numbers constitute the members of the Settlement Class.

The compromise Settlement reached with the guidance of Judge King will create a Settlement Fund to be established by Defendant in the amount of $6,250,000.  In addition, Defendant is agreeing to change its dialing platform,

---

[1] Unless otherwise specified, capitalized terms used in this memorandum are intended to have the same meaning ascribed to those terms in the Agreement.

[2] As the former Chief Judge of the Central District of California, and a district court judge for over 20 years, Judge King is in an excellent position to have neutrally evaluated this case and assisted with mediation.

PLAINTIFF'S NOTICE OF MOTION & MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT AND CERTIFICATION OF SETTLEMENT CLASS

1

including both calls and text messages, to a manual click to dial platform (such as LiveVox HCI, which has been held by numerous courts around the country to not have the capacity to autodial, and therefore, is not an ATDS).  Such systems have been held by numerous courts not to be an ATDS under the TCPA due to their high level of human intervention, lack of capacity to autodial, and manual click to dial functionality.  From a consumer protection standpoint, using such systems will reduce the volume of automated calls, and therefore protects privacy interests.

The amount of the Settlement Fund shall not be reduced as a result of any member(s) of the Settlement Class electing to opt out or be excluded from the Settlement or for any other reason.  The Settlement Fund will pay for a Settlement Administrator, Postlethwaite & Netterville, ("P&N")., which will be responsible for providing notice to the Settlement Class, providing notice of this proposed settlement pursuant to and in accordance with 28 U.S.C. § 1715 (the "Class Action Fairness Act" or "CAFA") (at AmeriSave's election), providing and disbursing settlement checks to Class Members who submit a claim form and who do not opt-out, creating and maintaining a Settlement Website, maintaining a toll-free telephone number, preparing an Opt-Out List, preparing a list of persons submitting objections to the settlement and acting as a liaison between Class Members and the Parties regarding the settlement.  Settlement members who submit a timely and valid Claim Form and do not opt-out will receive a pro rata share of the Settlement Fund in the form of a check (after any attorneys' fees and costs awarded by the Court, any Service Award to Class Representative, and any costs of claims administration are deducted from the Settlement Fund).  Plaintiff Terry Fabricant will receive an incentive payment of $5,000.00 (subject to Court approval) for bringing and litigating this action.  Class Counsel will request an attorneys' fee reimbursement award of $1,250,000 (i.e., 20%[3] of the total settlement amount) and litigation costs

---

[3] This fee request is below the Ninth Circuit's Benchmark of 25% in an effort to divert more settlement funds to class members, as opposed to the attorneys.

PLAINTIFF'S NOTICE OF MOTION & MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT AND CERTIFICATION OF SETTLEMENT CLASS

2

1   (not to exceed $50,000), subject to Court approval, to be paid out of the Settlement
2   Fund.  Any unclaimed funds from uncashed settlement checks, including settlement
3   checks to Class Members who submit valid claim forms but whose current valid
4   address could not be determined shall be delivered to a *cy pres* recipient selected by
5   the parties and approved by the Court.  This *cy pres* payment from the Settlement
6   Fund is after all settlement costs and direct payments to the Settlement Class are
7   paid.

8       In consideration for the Settlement Fund, Plaintiff, on behalf of the proposed
9   Settlement Class (the "Class"), will dismiss the Litigation and unconditionally
10  release and discharge Defendant and other Released Parties from all claims relating
11  to the Litigation.

12      While Plaintiff is confident of a favorable determination on the merits, he has
13  determined that the proposed Settlement provides significant benefits to the
14  Settlement Class and is in the best interests of the Settlement Class.  Plaintiff also
15  believes that the Settlement is appropriate because Plaintiff recognizes the expense
16  and amount of time required to continue to pursue the Litigation, as well as the
17  uncertainty, risk, and difficulties of proof inherent in prosecuting such claims.
18  Similarly, as evidenced by the Agreement, AmeriSave believes that it has substantial
19  and meritorious defenses to Plaintiff's claims but has determined that it is desirable
20  to settle the Litigation on the terms set forth in the Agreement.

21      Plaintiff believes that the proposed Settlement satisfies all criteria for
22  preliminary approval.  Accordingly, Plaintiff moves this Court for an order
23  preliminarily approving the proposed Settlement, provisionally certifying the
24  Settlement Class pursuant to Federal Rule of Civil Procedure 23(b)(3) ("Rule
25  23(b)(3)") for settlement purposes, directing dissemination of Class Notice, and
26  scheduling a Final Approval Hearing.

27

28

---

**PLAINTIFF'S NOTICE OF MOTION & MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT AND CERTIFICATION OF SETTLEMENT CLASS**

3

## II.    STATEMENT OF FACTS

### A.    Factual Background

AmeriSave is a direct mortgage lender operating in most of the United States. During the Class Period, AmeriSave called and/or sent text messages to 2,343,247 mobile phones in connection with its marketing campaigns. *See Friedman Decl.*, ¶ 15. Plaintiff's operative Complaint alleges AmeriSave violated the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.* ("TCPA") by calling and/or sending text messages to the cellular telephones without obtaining "prior express consent," using an "automatic telephone dialing system." Plaintiff contends he and the Class are entitled to statutory damages pursuant to the TCPA.

AmeriSave has vigorously denied and continues to deny that it violated sections b or c the TCPA in placing calls and/or texts to numbers for which it believes it had all requisite prior consent for such communications, and denies all charges of wrongdoing or liability asserted against it in the Action

### B.    Proceedings to Date

Plaintiff filed the initial class action complaint ("Complaint") on May 30, 2019. In the Complaint, Plaintiff alleged causes of action for unintentional and intentional violations of the TCPA. Based on those allegations, Plaintiff sought $500 per violation and $1,500 for each intentional violation, as well as injunctive relief. Plaintiff's claims were brought on behalf of a class of individuals who allegedly received text messages and/or phone calls to their mobile phones from AmeriSave without consent using an automatic telephone dialing system or artificial or prerecorded voice technology. (Dkt. No. 1). Plaintiff subsequently amended his complaint on August 8, 2019. (Dkt. No. 10). AmeriSave filed is Answer on August 22, 2019 (Dkt. No. 11). In its Answer, AmeriSave admitted to placing more than one call to Plaintiff. Given that Plaintiff's phone number is on the Federal Do Not Call List, and that AmeriSave confirmed he had received more than one solicitation communication, Plaintiff planned to amend the Complaint again to add claims under

§ 227(c) of the TCPA for do not call list violations.

The Parties attended mediation with the Hon. George H. King, Ret. of Jams. on January 8, 2020 and committed to trying to resolve both §§ 227(b) and 227(c) claims on behalf of the class. The Parties did not resolve the case at the mediation on January 8, 2020, but subsequently resolved the matter shortly thereafter via Judge King over the course of several follow up sessions. Through his guidance, this Settlement was reached. *See Friedman Decl*, ¶ 8. As set forth below, Plaintiff respectfully requests that the Court approve the Settlement.

**C.    Statement of Facts**

**1.    The Settlement Class**

**a.    The Settlement Class**

The "Settlement Class" is defined in the Agreement as follows:

*"All persons or entities within the United States who received on their cellular telephones communications placed by AmeriSave using its CCT dialer and/or that were placed to a number on the National Do Not Call list or AmeriSave's Internal Do Not Call list between April 1, 2018 and December 31, 2018"* (Agreement § 2.1, p. 4.)

**b.    Class Membership Determination**

The Settlement Class consists of all persons who were called or sent a text message on their cellular phone by AmeriSave during Class Period, as stated above. Based on provided by AmeriSave and its counsel, the number of unique cell phone numbers is approximately 2,343,247. This data was confirmed by Plaintiff via a production of call record data in discovery directly from AmeriSave and was analyzed by Plaintiffs' experts using a reliable cell phone scrub.

**2.    *Settlement Payment***

Under the Proposed Settlement, AmeriSave agrees to establish a Settlement Fund in the amount of $6,250,000 (Agreement § 4.1, p. 5) in order to fund the following: (1) providing notice to Class Members; (2) providing settlement checks

**PLAINTIFF'S NOTICE OF MOTION & MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT AND CERTIFICATION OF SETTLEMENT CLASS**

5

to Class Members entitled to receive a settlement check; (3) creating and maintaining the Settlement Website; (4) maintaining a toll-free telephone number; (5) providing CAFA notice (Agreement § 8.3, p. 6) (6) to pay the proposed $5,000 Incentive Payment to the Plaintiff (Agreement § 7, p.6); and (7) payment of the proposed Attorneys' Fees of $1,250,000 (20% of the Settlement Fund) and litigation costs of up to $50,000 (Agreement § 6, p. 6).  *See Friedman Decl*, ¶¶ 11-23.  Any funds remaining after payment of all settlement costs and Payments to the Settlement Class shall be paid to Electronic Privacy Information Center (EPIC), a non-profit organization dedicated to advancing consumer privacy interests. (Agreement § 15.5, p.12.)

In addition to monetary relief, AmeriSave has agreed to revise its dialing practices by switching its dialing platform, including both calls and text messages, to a manual click to dial platform (such as LiveVox HCI, which has been held by numerous courts around the country to not have the capacity to autodial, and therefore, is not an ATDS).[4]  This meaningful policy change serves as additional injunctive relief that benefits both the Class Members and consumer privacy more generally.

The amount of the Settlement Fund shall not be reduced as a result of any member(s) of the Settlement Class electing to opt out or be excluded from the Settlement or for any other reason. (Agreement § 4.4, p. 6.)

### 3. Monetary Benefit to Class Members and Class Notice

The Settlement Agreement provides for $6,250,000 in cash benefits (minus administration Costs, attorney's fees, and litigation costs) to Class Members on a pro rata basis after the claims period.  Based on a review and analysis of the data by Plaintiff's experts, there are approximately 2,343,247 unique Class Members with cell phone numbers that received calls and/or texts from AmeriSave.  The Claims

---

[4] This is not a trivial change.  AmeriSave is going to have to significantly increase its number of employees and incur a great deal of expense to make these changes.

PLAINTIFF'S NOTICE OF MOTION & MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT AND CERTIFICATION OF SETTLEMENT CLASS

6

Administrator will provide notice first via First Class U.S. Mail within 30 days of the Preliminary Approval Order. (Agreement § 9.1.4 p. 7.) Claims Forms will also be available on the Settlement Website and online Claim Forms. The Settlement Website will be maintained for at least 180 days. (Agreement § 9.2.2, p. 8). There will be Publication Notice and banner advertising on the Internet providing 90 million total impressions. (Agreement § 9.3, p. 8).

The Claims Period will commence after the entry of the Preliminary Approval Order and this Claims Period will remain open to all Class Members to: submit a Claim by the last date of the 90-day "Claim Period", which will be 120 days following entry for the Preliminary Approval Order. (Agreement § 10, pp. 8-9); Class Members who Opt Out, must postmark before the Objection Deadline, which will be 130 days following entry for the Preliminary Approval Order (Agreement § 11, p. 9); and the deadline to Opt Out and Object will also be 130 days following entry for the Preliminary Approval Order (Agreement § 12, pp. 9-10).

### 4.   Scope of Release

The scope of the release by all Class Members who do not request exclusion includes any and all claims against the Released Parties arising out of calls and/or text messages sent on behalf of AmeriSave to cellular phone numbers during the Class Period. (Agreement §§ 1.25, 1.26, 1.27 and 16, pp. 3-4 and 12-13). The release covers known and unknown claims in connection with the AmeriSave calls and/or text messages to cellular phones during the Class period, specifically releasing claims under the TCPA under both Sections (b) and (c), which govern prohibitions on autodialer calls, and solicitation calls placed to consumers' numbers that are listed on the do not call list. The release of claims does not extend to claims beyond those that related specifically to conduct in the pleadings, i.e. the transmission of calls and texts to consumers, by AmeriSave. Friedman Decl. Ex. A at § 16.1 and 16.2.

### 5.   Opportunity to Opt Out and Object

As explained before, Class Members who Opt Out, must postmark before the

PLAINTIFF'S NOTICE OF MOTION & MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT AND CERTIFICATION OF SETTLEMENT CLASS

7

Objection Deadline, which will be 130 days following entry for the Preliminary Approval Order (Agreement § 11, p. 9); and the deadline to Opt Out and Object will also be 130 days following entry for the Preliminary Approval Order (Agreement § 12, pp. 9-10). Any Class Member who does not opt out and objects to the proposed settlement must mail his or her objection(s) in writing to the Court. To be considered timely, an Objection must be postmarked on or before the Opt-Out and Objection Deadline specified on the Settlement Website, which will be 130 days following entry for the Preliminary Approval Order. (*Id*.) Any Objection must set for the name and case number of this matter, the objecting Class Member's name, address, telephone number and all arguments, citations and evidence supporting the objection. Furthermore, the Objection shall include: whether the objector intends to appear at the hearing, with or without counsel; the name and case number of any other proposed class action settlement the Class Member submitted an objection to; and whether any such objection was submitted on the Class Member's behalf or on behalf of a represented third party. (*Id*.)

### 6.   Payment of Notice and Administrative Costs

AmeriSave will make a single payment of $6,250,000 into an escrow account held by the Settlement Administrator. (Agreement § 4, pp. 5-6). The Settlement Administrator will use these funds to administer all costs of the settlement, including providing Class Notice, proving CAFA notice, maintaining the website and toll-free number and arranging for payments to Class Members. (*Id*.) The funds shall also be used to cover Attorneys' Fee Award to Class Counsel and the Incentive Award to plaintiff Terry Fabricant. (*Id*.)

### 7.   Class Representative's Application for Incentive Award

The proposed Settlement contemplates that Class Counsel will request an Incentive Award in the amount of $5,000 to be distributed to the Class Representative, subject to Court approval. AmeriSave has agreed not to oppose the request as long as it is not greater than $5,000. (Agreement § 7, p. 6).

PLAINTIFF'S NOTICE OF MOTION & MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT AND CERTIFICATION OF SETTLEMENT CLASS

8

### 8.    Class Counsel's Application for Attorneys' Fees, Costs and Expenses

The proposed Settlement contemplates that Class Counsel shall be entitled to apply to the Court for an award of attorneys' fees in the amount of $1,250,000 (20% of the Settlement Fund) and litigation costs of less than $50,000. (Agreement § 6, p. 6). Pursuant to the proposed Settlement, AmeriSave will not oppose the application, as long as it does not exceed this stated amount. (*Id*.)

### 9.    Cy Pres Distribution.

Under the proposed Settlement, any funds remaining after payment of all settlement costs and Payments to the Settlement Class shall be paid to Electronic Privacy Information Center (EPIC). (Agreement § 15.5, p.12). Since, the distribution is pro-rata for those who file Claims Forms, this *cy pres* distribution will equal the amount for those who actually file Claims Forms and then essentially disappear or refuse to timely deposit a check. As a result, it is not expected to be substantial.

## III.    ARGUMENT

### A.    The Legal Standards for Preliminary Approval of a Class Action Settlement

A class action may not be dismissed, compromised or settled without the approval of the court. Fed. R. Civ. Proc. 23(e). Judicial proceedings under Rule 23 have led to a defined procedure and specific criteria for settlement approval in class action settlements, described in the *Manual for Complex Litigation* (Fourth) (Fed. Judicial Center 2004) ("*Manual*") § 21.63, *et seq.*, including preliminary approval, dissemination of notice to class members, and a fairness hearing. *Manual*, §§ 21.632, 21.633, 21.634. The purpose of the Court's preliminary evaluation of the settlement is to determine whether it is within the "range of reasonableness," and thus whether notice to the class of the terms and conditions of the settlement, and

PLAINTIFF'S NOTICE OF MOTION & MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT AND CERTIFICATION OF SETTLEMENT CLASS

9

1  the scheduling of a formal fairness hearing, are worthwhile.  *See* 4 Herbert B.

2  Newberg, *Newberg on Class Actions* § 11.25 *et seq*., and § 13.64 (4th ed. 2002 and

3  Supp. 2004) ("*Newberg*").  The Court is not required to undertake an in-depth

4  consideration of the relevant factors for final approval. Instead, the "judge must

5  make a preliminary determination on the fairness, reasonableness, and adequacy of

6  the settlement terms and must direct the preparation of notice of the certification,

7  proposed settlement, and date of the final fairness hearing." *Manual*, § 21.632 (4th

8  ed. 2004).

9      As a matter of public policy, settlement is a strongly favored method for

10  resolving disputes.  *See Utility Reform Project v. Bonneville Power Admin*., 869 F.2d

11  437, 443 (9th Cir. 1989).  This is especially true in class actions such as this.  *See*

12  *Officers for Justice v. Civil Service Comm'n*, 688 F.2d 615 (9th Cir. 1982).  As a

13  result, courts should exercise their discretion to approve settlements "in recognition

14  of the policy encouraging settlement of disputed claims." *In re Prudential Sec. Inc.*

15  *Ltd. Partnerships Litig*., 163 F.R.D. 200, 209 (S.D.N.Y. 1995).  To make the

16  preliminary fairness determination, courts may consider several relevant factors,

17  including "the strength of the plaintiff's case; the risk, expense, complexity, and

18  likely duration of further litigation; the risk of maintaining class action status through

19  trial; the amount offered in settlement; the extent of discovery completed and the

20  stage of the proceedings; [and] the experience and views of counsel . . . ." *See*

21  *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1026 (9th Cir. 1998) ("*Hanlon*").

22  Furthermore, courts must give "proper deference to the private consensual decision

23  of the parties," since "the court's intrusion upon what is otherwise a private

24  consensual agreement negotiated between the parties to a lawsuit must be limited to

25  the extent necessary to reach a reasoned judgment that the agreement is not the

26  product of fraud or overreaching by, or collusion between, the negotiating parties,

27  and that the settlement, taken as a whole, is fair, reasonable and adequate to all

28  concerned." *Id.* at 1027.

Preliminary approval does not require the Court to make a final determination that the settlement is fair, reasonable, and adequate.  Rather, that decision is made only at the final approval stage, after notice of the settlement has been given to the class members and they have had an opportunity to voice their views of the settlement or to exclude themselves from the settlement.  *See* 5 James Wm. Moore, *Moore's Federal Practice – Civil* § 23.165[3] (3d ed.).  Thus, in considering a potential settlement, the Court need not reach any ultimate conclusions on the issues of fact and law which underlie the merits of the dispute, *West Va. v. Chas. Pfizer & Co.*, 440 F.2d 1079, 1086 (2d Cir. 1971), and need not engage in a trial on the merits, *Officers for Justice v. Civil Service Comm'n,* 688 F.2d at 625.  Preliminary approval is merely the prerequisite to giving notice so that "the proposed settlement . . . may be submitted to members of the prospective class for their acceptance or rejection." *Philadelphia Hous. Auth. v. Am. Radiator & Standard Sanitary Corp.*, 323 F. Supp. 364, 372 (E.D. Pa. 1970).

Preliminary approval of the settlement should be granted if, as here, there are no "reservations about the settlement, such as unduly preferential treatment of class representatives or segments of the class, inadequate compensation or harms to the classes, the need for subclasses, or excessive compensation for attorneys." *Manual for Complex Litigation* § 21.632, at 321 (4th ed. 2004).

Furthermore, the opinion of experienced counsel supporting the settlement is entitled to considerable weight.  *See., e.g.*, *Kirkorian v. Borelli*, 695 F.Supp. 446 (N.D. Cal.1988) (opinion of experienced counsel carries significant weight in the court's determination of the reasonableness of the settlement); *Boyd v. Bechtel Corp.*, 485 F. Supp. 610, 622 (N.D. Cal. 1979) (recommendations of plaintiffs' counsel should be given a presumption of reasonableness).

The decision to approve or reject a proposed settlement "is committed to the sound discretion of the trial judge[.]" *See Hanlon*, 150 F.3d at 1026. This discretion is to be exercised "in light of the strong judicial policy that favors settlements,

PLAINTIFF'S NOTICE OF MOTION & MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT AND CERTIFICATION OF SETTLEMENT CLASS

11

1   particularly where complex class action litigation is concerned," which minimizes

2   substantial litigation expenses for both sides and conserves judicial resources.  *See*

3   *Linney v. Cellular Alaska P'ship*, 151 F.3d 1234, 1238 (9th Cir. 1998) (quotations

4   omitted).

5      Based on these standards, Plaintiff respectfully submits that, for the reasons

6   detailed below, the Court should preliminarily approve the proposed Settlement as

7   fair, reasonable and adequate.

8      **B.** **Liability is Highly Contested and Both Sides Face Significant**

9        **Challenges in Litigating this Case**

10      Defendant AmeriSave has vigorously contested the claims asserted by

11   Plaintiff in this Litigation from multiple angles, which are described in detail in the

12   contemporaneous declaration of Mr. Friedman.  See Friedman Decl. ¶¶ 41-56.  First,

13   Defendant contested that its dialing system was an ATDS under the TCPA, which

14   if accurate, would have resulted in no liability under the § (b) claim, and left

15   Plaintiff with a much narrower class owed much less money out of the gates under

16   the remaining § (c) claim.  This threat was real, as both the Third Circuit and

17   Eleventh Circuit have issued decisions supporting Defendant's view.  Second,

18   Defendant contended that it had prior express written consent to contact class

19   members, which by extension would have also created an established business

20   relationship.  If accurate, this would have undermined the entire case, and satisfied

21   Defendant's affirmative defense.  On a similar note, Defendant contended that it

22   was purchasing valid leads from reputable lead vendors who obtained consumer

23   information and consent directly from Class Members.  Defendant thus believed

24   that it had a complete defense to liability.  However, even if that were not the case,

25   Defendant also pointed to its compliant opt in process as a certification defense

26   under the predominance prong of Rule 23, as such circumstances created

27   individualized issues of consent.  Defendant also contested damages, and pointed

28   to *Golan v. FreeEats.com, Inc*., 930 F.3d 950 (8th Cir. 2019) for the proposition that

reducing TCPA class damages to $10 per call is appropriate to prevent a shockingly large penalty that violated the due process rights of a company when aggregated. Additionally, Defendant argued that the TCPA was unconstitutional under the First Amendment and reserved the right to request outright dismissal of the case if the pending Supreme Court decision on this very issue supports such a position. Defendant also shared financial information with Plaintiff during mediation and sufficiently demonstrated that it would not be able to withstand a class judgement, even in an amount similar to the *Golan* case.

While both sides strongly believed in the merits of their respective cases, there are clearly numerous palpable risks to both sides in continuing the Litigation. *See Friedman Decl*, ¶¶ 44-52. If the Litigation were to continue, challenges would likely be made to any class certification motion made by Plaintiff, thereby placing in doubt whether certification of a class could be obtained and/or maintained in the Litigation. Also, additional substantive challenges to the claims might be raised, including a challenge on summary judgment. The law is fluid in many of these areas, which means that inevitably there would be appeals that would drag out for years. In considering the Settlement, Plaintiff and Class Counsel carefully balanced the risks of continuing to engage in protracted and contentious litigation, against the benefits to the Class. As a result, Class Counsel supports the Settlement and seek its Preliminary Approval. *See Friedman Decl*, ¶¶ 44-52.

Similarly, AmeriSave believes that it has strong and meritorious defenses not only to the action as a whole, but also as to class certification and the amount of damages sought. However, AmeriSave recognizes that if a class were certified, the potential amount of damages could be significantly higher than the settlement amount at issue.

The negotiated Settlement reflects a compromise between avoiding that risk and the risk that the class might not recover. Because of the costs, risks to both sides, and delays of continued litigation, the Settlement presents a fair and

**PLAINTIFF'S NOTICE OF MOTION & MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT AND CERTIFICATION OF SETTLEMENT CLASS**

13

reasonable alternative to continuing to pursue the Litigation.

**C.    Defendant's Agreement to Finance the Common Benefit Fund Provides a Fair and Substantial Benefit to the Class**

As set forth above, AmeriSave has agreed to pay $6,250,000 to fund the settlement, which includes notice and claims administration costs, creating and maintaining a Settlement Website and toll free number, providing CAFA notice, an Incentive Award to Plaintiff Terry Fabricant in the amount of $5,000 and attorneys' fees in the amount of $1,250,000 and reimbursement of litigation costs of up to $50,000 *See Friedman Decl*, ¶12.

**D.    The Settlement was Reached as the Result of Arms-Length Negotiation, Without Collusion, with the Assistance of the Mediator**

The proposed Settlement is the result of intensive arms-length negotiation, including an all-day mediation session before the Hon. George H. King, Ret. of Jams Services, Inc. on January 8, 2020.  The Parties did not resolve the case at the mediation on January 8, 2020, but subsequently resolved the matter shortly thereafter via Judge King.  With the guidance of Judge King, and working independently of the Court, the Parties were able to reach a proposed resolution of this case. *See Friedman Decl*, ¶¶ 9-10.  Class Counsel are satisfied that the information provided about the number of cell phones called is accurate, given that it involved a complete production of all call/.text data to Plaintiff's experts, who used reliable and accepted methods that have numerously been approved by courts to scrub the lists for cell phone numbers to determine class membership.  The time and effort spent examining and investigating the claims militate in favor of preliminary approval of the proposed Settlement, as the process strongly indicates that there was no collusion.  *See In re Wireless Facilities, Inc. Sec. Litig. II*, 253 F.R.D. 607, 610 (S.D. Cal. 2008) ("Settlements that follow sufficient discovery and genuine arms-length negotiation are presumed fair.").

**PLAINTIFF'S NOTICE OF MOTION & MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT AND CERTIFICATION OF SETTLEMENT CLASS**

14

**E.    The Settlement Experienced Counsel Have Determined that the Settlement is Appropriate and Fair to the Class**

The Parties are represented by counsel experienced in complex class action litigation. Class Counsel has extensive experience in class actions, as well as particular expertise in class actions relating to consumer protection and specifically the TCPA.  *See Friedman Decl*, ¶¶ 47-52.  Class Counsel believe that under the circumstances, the proposed Settlement is fair, reasonable and adequate and in the best interests of the Class Members.  *See Friedman Decl*, ¶¶ 37-38.

**F.    The Court Should Preliminarily Certify the Class for Purposes of Settlement**

Courts have long acknowledged the propriety of class certification for purposes of a class action settlement. *See In re Wireless Facilities*, 253 F.R.D. at 610 ("Parties may settle a class action before class certification and stipulate that a defined class be conditionally certified for settlement purposes"). Certification of a class for settlement purposes requires a determination that certain requirements of Rule 23 are met.  *Id.*  As explained below, class certification is appropriate here because the Proposed Settlement meets the requirements of Rule 23(a) and Rule 23(b)(3) for settlement purposes.

**G.    The Proposed Class is Numerous.**

Class certification under Rule 23(a)(1) is appropriate where a class contains so many members that joinder of all would be impracticable. "Impracticability does not mean 'impossibility,' but only the difficulty or inconvenience of joining all members of the class." *Harris v. Palm Springs Alpine Estates, Inc.*, 329 F.2d 909, 913-14 (9th Cir. 1964) (citation omitted).  Here, the Settlement Class consists of 2,343,247 mobile subscribers that received phone calls and/or text messages in connection with the campaigns during the Class Period. Thus, the proposed Class is sufficiently numerous for purposes of certifying a settlement class.

## H.    The Commonality Requirement is Satisfied, Because Common Questions of Law and Fact Exist.

The commonality requirement is met if there are questions of law and fact common to the class. *Hanlon*, 150 F.3d at 1019 ("The existence of shared legal issues with divergent legal factual predicates is sufficient, as is a common core of salient facts coupled with disparate legal remedies within the class.").  Here, for purposes of settlement, the proposed Class Members' claims stem from the same factual allegation - specifically that AmeriSave *allegedly* initiated solicitation phone calls and text messages using an autodialer to Class Members' cellular phones without their prior express consent or without an established business relationship during the Class Period.

Plaintiff's claims also present questions of law that are common to all members of the Class for settlement purposes, including: (1) whether AmeriSave violated the TCPA (strict liability); (2) whether AmeriSave willfully or knowingly violated the TCPA; and (3) whether AmeriSave had "prior express consent" or an established business relationship before making the calls.  The Settlement Class Members all seek the same remedy.  Under these circumstances, the commonality requirement is satisfied for purposes of certifying a settlement class.  *See Hanlon,* 150 F. 3d at 1019-20.

## I.    The Typicality Requirement is Met.

The typicality requirement is met if the claims of the named representatives are typical of those of the class, though "they need not be substantially identical." *Hanlon*, 150 F.3d at 1020.  For purposes of settlement, Plaintiff's claims are typical of the class because they arise from the same factual basis – calls were made to Plaintiff's cell phone, which is on the do not call list, using autodialing equipment without consent or an established business relationship – and are based on the same legal theory – the calls allegedly violated the TCPA.  *See Wehner v. Syntex Corp.*, 117 F.R.D. 641, 644 (N.D. Cal. 1987).  The Class Representative claims that he was

PLAINTIFF'S NOTICE OF MOTION & MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT AND CERTIFICATION OF SETTLEMENT CLASS

16

contacted by AmeriSave via call and text message on his cellular telephone via an automatic telephone dialing system without his consent and without an established business relationship, despite his number being listed on the do not call registry. Accordingly, the Class Representative's claims are typical of those of the Settlement Class. Thus, the typicality requirement is satisfied for purposes of certifying a settlement class.

### J.    The Adequacy Requirement is Satisfied.

Rule 23(a)(4) is satisfied if "the representative parties will fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(4). The Court must measure the adequacy of representation by two standards: "(1) Do the representative plaintiffs and their counsel have any conflicts of interest with other class members, and (2) will the representative plaintiffs and their counsel prosecute the action vigorously on behalf of the class?" *In re Wireless Facilities*, 253 F.R.D. at 611 (quoting *Staton v. Boeing Co.*, 327 F.3d 938, 958 (9th Cir. 2003)).

Plaintiff and Class Counsel have no conflicts of interest with other Class Members because, for purposes of the Settlement, Plaintiff's claims are typical of those of other Settlement Class Members. In addition, Plaintiff and Class Counsel have been prosecuting this Litigation vigorously on behalf of the Class. Plaintiff and Class Members share the common goal of protecting and improving consumer and privacy rights throughout the nation, and there is no conflict among them. Class Counsel have extensive experience in consumer litigation, including the prosecution of class actions seeking to protect privacy and consumer rights, including TCPA actions. Class Counsel is qualified to represent the interests of the Class. Rule 23(a)(4) is therefore satisfied for purposes of certifying a settlement class.

### K.    Common Questions Predominate, Sufficient to Certify a Class for Settlement Purposes Only.

Class certification under Rule 23(b)(3) is appropriate where "questions of law

PLAINTIFF'S NOTICE OF MOTION & MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT AND CERTIFICATION OF SETTLEMENT CLASS

17

1 or fact common to class members predominate over any questions affecting only

2 individual members." Fed. R. Civ. P. 23(b)(3). The inquiry focuses on whether the

3 class is "sufficiently cohesive to warrant adjudication by representation." *Local*

4 *Joint Exec. Bd. of Culinary/Bartender Trust Fund v. Las Vegas Sands, Inc., 244 F.3d*

5 *1152, 1162 (9th Cir. 2001).* Central to this question is "'the notion that the

6 adjudication of common issues will help achieve judicial economy.'" *Zincser v.*

7 *Accufix Research Institute, Inc*., 253 F.3d 1188, 1189 (9th Cir. 2001) (citation

8 omitted), amended, 273 F. 3d 1266 (9th Cir. 2001).

9       Here the central inquiries for purposes of the Proposed Settlement are

10 whether AmeriSave violated the TCPA by using automated technology (*i.e.* an

11 autodialer) to place calls and send text messages to the cellular phones of Class

12 Members without their consent, and whether AmeriSave placed solicitation calls

13 and texts to Class Members whose numbers are on the do not call registry without

14 an established business relationship. "When common questions present a significant

15 aspect of the case and they can be resolved for all members of the class in a single

16 adjudication, there is clear justification for handling the dispute on a representative

17 rather than on an individual basis." *Hanlon*, 150 F.3d at 1022.

18     **L.**   **Class Treatment for Settlement Purposes is Superior to Individual**

19           **Resolutions.**

20       To determine whether the superiority requirements of Rule 23(b)(3) are

21 satisfied, a court must compare a class action with alternative methods for

22 adjudicating the parties' claims. Lack of a viable alternative to a class action

23 necessarily means that a class action satisfies the superiority requirement. "[I]f a

24 comparable evaluation of other procedures reveals no other realistic possibilities,

25 [the] superiority portion of Rule 23(b)(3) has been satisfied." *Culinary/Bartenders*

26 *Trust Fund*, 244 F.3d at 1163. *See also, Valentino v. Carter-Wallace*, 97 F.3d 1227,

27 1235-36 (9th Cir. 1996) ("a class action is a superior method for managing litigation

28 if no realistic alternative exists").

Consideration of the factors listed in Rule 23(b)(3) supports the conclusion that, for purposes of a settlement class, certification is appropriate. Ordinarily, these factors are (A) the interest of members of the class in individually controlling the prosecution or defense of separate actions; (B) the extent and nature of any litigation concerning the controversy already commenced by or against members of the class; (C) the desirability or undesirability of concentrating the litigation of the claims in the particular forum; and (D) the difficulties likely to be encountered in the management of a class action.  Fed. R. Civ. P. 23(b)(3).

However, when a court reviews a class action settlement, the fourth factor does not apply.  In deciding whether to certify a settlement class action, a district court "need not inquire whether the case, if tried, would present intractable management problems."  *Amchem Prods. Inc. v. Woodward*, 521 U.S. 591, 620 (1997).  "With the settlement in hand, the desirability of concentrating the litigation in one forum is obvious . . . ."  *Elkins v. Equitable Life Ins. of Iowa*, No. Civ A96-296-Civ-T-17B, 1998 WL 133741, at *20 (M.D. Fla. Jan. 27, 1998); *see also Strube v. Am. Equity Inv. Life Ins. Co.*, 226 F.R.D. 688, 697 (M.D. Fla. 2005) (Rule 23(b)(3)(C) and (D) factors are "'conceptually irrelevant in the context of settlement'") (citation omitted).  Here, most of the Rule 23(b)(3)(A), (B) and (C) factors all favor class certification:

- Any Settlement Class Member who wishes to pursue a separate action can opt out of the Settlement.
- Plaintiff believes this forum is appropriate, and Defendant does not oppose the forum.

**M.     The Proposed Class Notice is Consistent with Ninth Circuit Requirements and Provides Adequate Notice for Claims, Objections and Opt Outs.**

Rule 23(c)(2)(B) provides that, in any case certified under Rule 23(b)(3), the

**PLAINTIFF'S NOTICE OF MOTION & MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT AND CERTIFICATION OF SETTLEMENT CLASS**

19

1  court must order the "best notice practicable" under the circumstances. Rule

2  23(c)(2)(B) does not require "actual notice" or that a notice be "actually received."

3  *Silber v. Mabon*, 18 F.3d 1449, 1454 (9th Cir. 1994). Notice need only be given in

4  a manner "reasonably calculated, under all the circumstances, to apprise interested

5  parties of the pendency of the action and afford them an opportunity to present their

6  objections." *Mullane v. Central Hanover Bank & Trust Co*., 339 U.S. 306, 314

7  (1950). "Adequate notice is critical to court approval of a class settlement under

8  Rule 23(e)." *Hanlon*, 150 F.3d at 1025.

9      Pursuant to Fed. R. Civ. P. 23(e)(1)(B), "[t]he court must direct notice in a

10  reasonable manner to all class members who would be bound by the proposal."

11  Rule 23(c)(2)(B) also sets forth requirements as to the content of the notice. The

12  notice must concisely and clearly state in plain, easily understood language: (i) the

13  nature of the action; (ii) the definition of the class; (iii) the class claims, issues, or

14  defenses; (iv) that a class member may enter an appearance through counsel if the

15  member so desires; (v) that the court will exclude from the class any member who

16  requests exclusion, stating when and how members may elect to be excluded; (vi)

17  the time and manner for requesting exclusion; and (vii) the binding effect of a class

18  judgment on class members under Rule 23(c)(3). Fed. R. Civ. P. 23(c)(2)(B).

19      The Settlement Administrator shall disseminate or arrange for the

20  dissemination of Class Notice via postcard in a form materially consistent with

21  Exhibit A to the Agreement. The Class Notice here satisfies each of the

22  requirements of Rule 23(c)(2)(B) above. Further, mailed postcard notice has

23  routinely been held to be adequate notice to a Settlement Class. *See Schaffer v.*

24  *Litton Loan Servicing, LP*, CV 05-07673 MMM JCX, 2012 WL 10274679, at *8

25  (C.D. Cal. Nov. 13, 2012) (approving notice plan where class members were sent

26  postcards that directed them to a settlement website); *Lo v. Oxnard European*

27  *Motors, LLC*, 11CV1009 JLS MDD, 2012 WL 1932283, at *1 (S.D. Cal. May 29,

28  2012) (final approval of class settlement using postcard notice and settlement

1  website).

2      The Parties possess records of all the cellular telephone numbers called

3  during the marketing campaigns.  Defendant maintains name and address

4  information for many, if not most of these individuals.  For those who for whom a

5  valid address is not maintained by Defendant, the Settlement Administrator will

6  employ reverse telephone look-up procedures to identify the subscriber names and

7  physical addresses associated with the mobile numbers identified on the Class List.

8  The Settlement Administrator will run the names and addresses obtained via this

9  process through the National Change of Address (NCOA) database.  To the extent

10  any physical addresses identified through reverse look-up are no longer valid, the

11  Settlement Administrator will send Class Notice to any forwarding addresses that

12  are provided. *See generally Barani v. Wells Fargo Bank, N.A.*, Case No. 12CV2999-

13  GPC KSC, 2014 WL 1389329, at *10 (S.D. Cal. Apr. 9, 2014) (approving

14  settlement in TCPA class action using reverse lookup to locate class members).

15      Further notice will also be provided through the Publication Notice via

16  banner advertisement on the Internet (Agreement § 9.3, p. 8), the Settlement

17  Website, which will contain the Q & A Notice (Ex. B to the Agreement), the Claim

18  Form, the Settlement Agreement, the Preliminary Approval Order, Plaintiff's fee

19  brief and an online submission for Claims Forms.  Further, pursuant to the

20  Agreement "any other materials the Parties agree to include" may be put on the

21  Website. (Agreement § 9.2.2, p. 8).

22      The notices and settlement documents will be disseminated and posted on

23  the Settlement Website sufficiently prior to the Final Approval Hearing to give

24  Settlement Class Members the opportunity to comment on the Settlement, or to opt

25  out and preserve their rights.  Specifically, Settlement Class Members will have 100

26  days from the time dissemination of Class Notice has been completed to opt out of

27  the settlement or object. *Cf. Torrisi v. Tucson Electric Power Co*., 8 F.3d 1370,

28  1374-1375 (9th Cir. 1993) (31 days is more than sufficient, as Class as a whole had

**PLAINTIFF'S NOTICE OF MOTION & MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT AND CERTIFICATION OF SETTLEMENT CLASS**

21

1  notice adequate to flush out whatever objections might reasonably be related to the
2  settlement) (citing *Marshall v. Holiday Magic, Inc*., 550 F.2d 1173, 1178 (9th Cir.
3  1977) (approving timing of notice which was mailed 26 days before the deadline
4  for opting out of the settlement)).    Further, the Settlement Website shall be
5  maintained and accessible to Settlement Class Members during this time and
6  through the conclusion of the settlement proceedings in this case.

7      This notice program was designed to meaningfully reach the largest number
8  of Settlement Class Members possible.  Since the calls/text messages at issue were
9  made within the past two years, and the parties have additional names and addresses
10  correlating with a significant number of the Settlement Class Members, and the
11  ability to identify Settlement Class Members via the reverse look-up procedure
12  should be high, i.e., mailed postcard notice will likely reach most Settlement Class
13  Members.  The concurrent dissemination of the Long Form Class Notice on the
14  Settlement Website, combined with the Class Notice, satisfies the requirements of
15  due process and constitutes the best notice practicable under the circumstances. The
16  Settlement Administrator shall prepare and file a declaration prior to the Final
17  Approval Hearing certifying that the notice program has been properly administered
18  in accordance with this Agreement, this Court's Orders, and as described herein.

19      **N.    The Court Should Preliminarily Certify the Class for Purposes of
20      Settlement.**

21      "[T]wo criteria for determining the adequacy of representation have been
22  recognized. First, the named representatives must appear able to prosecute the
23  action vigorously through qualified counsel, and second, the representatives must
24  not have antagonistic or conflicting interests with the unnamed members of the
25  class." *Lerwill v. Inflight Motion Pictures, Inc.*, 582 F.2d 507, 512 (9th Cir. 1978).
26  The adequacy of representation requirement is met here.  For settlement purposes,
27  Class Counsel moves for Plaintiff Terry Fabricant to be preliminarily appointed as
28

1  the Class Representative.  Class Counsel requests that Todd M. Friedman and
2  Adrian Bacon of The Law Offices of Todd M. Friedman, P.C. preliminarily be
3  appointed as Class Counsel for purposes of the Settlement.  Plaintiff's counsel has
4  extensive experience sufficient to be appointed as Class Counsel.  Plaintiff
5  Fabricant understands the obligations of serving as a class representative, has
6  adequately represented the interests of the putative class, and has retained
7  experienced counsel.  Plaintiff has no antagonistic or conflicting interests with the
8  Settlement Class, and all members of the Settlement Class are eligible to receive
9  the same benefits.

10  **O.    The Court Should Appoint Postlethwaite & Netterville as the**
11  **Settlement Administrator**

12  The proposed Agreement recommends that the Court appoint Postlethwaite
13  & Netterville, Inc. to serve as the Settlement Administrator. Postlethwaite &
14  Netterville specializes in providing administrative services in class action litigation
15  and has extensive experience in administering consumer protection and privacy
16  class action settlements.  Defendant does not oppose this request.

17  **P.    Final Approval Hearing Should be Scheduled**

18  The last step in the settlement approval process is the formal fairness or Final
19  Approval Hearing, at which time the Court will hear all evidence and argument, for
20  and against, the proposed Settlement.  Plaintiff requests that the Court grant
21  preliminary approval of the Settlement and schedule a Final Approval Hearing to
22  be held not before 130 days after the date of entry of the Preliminary Approval
23  Order, in order to allow sufficient time for providing CAFA Notice, the toll-free
24  number and the Settlement Website, and completion of the period for class members
25  to submit exclusion requests and objections.

26  **IV.  CONCLUSION**

27  For all the foregoing reasons, Plaintiff respectfully requests that the Court

**PLAINTIFF'S NOTICE OF MOTION & MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT AND CERTIFICATION OF SETTLEMENT CLASS**

23

enter an Order preliminarily approving the proposed Settlement and certifying a class for settlement purposes.

Date: February 7, 2020                    **The Law Offices of Todd M. Friedman, PC**

By:  _/s/ Todd M. Friedman_
      Todd M. Friedman
      *Attorneys for Plaintiffs*

1

## <u>CERTIFICATE OF SERVICE</u>

2
Filed electronically on this 7th day of February, 2020, with:

3
United States District Court CM/ECF system

4

5
Notification sent electronically on this 7th day of February, 2020, to:

6
Honorable Judge Andre Birotte' Jr.

7
United States District Court
Central District of California

8

9
Becca J. Wahlquist, Esq.
SNELL & WILMER, LLP

10

11
<u>s/Todd M. Friedman</u>

12
Todd M. Friedman, Esq.

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28