JS-6

# UNITED STATE DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| TERRY FABRICANT, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>AMERISAVE MORTGAGE CORPORATION, and DOES 1 through 10, inclusive, and each of them,<br><br>Defendant.. | Case No. 2:19-cv-04659-AB-AS<br><br>**CLASS ACTION**<br><br>**[PROPOSED] ORDER GRANTING FINAL APPROVAL OF CLASS ACTION SETTLEMENT AND ENTERING JUDGMENT**<br><br>Assigned to the Honorable Andre' Birotte,<br><br>**DATE:** NOVEMBER 20, 2020<br>**TIME:** 10:00 A.M.<br>**COURTROOM:** 7D |

Plaintiffs have filed a Motion for an Order Granting Final Approval of Class Action Settlement, Conditionally Certifying Proposed Settlement Class, Approving Motion for Attorneys' Fees and Costs, and granting Incentive Award ("Motion"). Having reviewed the Motion and supporting materials, the Court determines and orders as follows:

On May 21, 2020 this Court entered an Order Granting Preliminary Approval of Settlement, resulting in certification of the following provisional

Settlement Class:

> *"All persons or entities within the United States who received on their cellular telephones communications placed by AMERISAVE using its CCT dialer and/or that were placed to a number on the National Do Not Call list or AMERISAVE's Internal Do Not Call list between April 1, 2018 and December 31, 2019."*

Membership in the Settlement Class consists exclusively of individuals provided by Defendants to the Settlement Administrator, as set forth in the Agreement. The Court further approved the form of, and directed the parties to provide, the proposed Class Notice to the Class, which informed Settlement Class Members of: (a) the proposed Settlement, and the Settlement's key terms; (b) the date, time, and location of the Final Approval Hearing; (c) the right of any Settlement Class Member to object to the proposed Settlement, and an explanation of the procedures to exercise that right; (d) the right of any Settlement Class Member to exclude themselves from the proposed Settlement; and an explanation of the procedures to exercise that right; and (e) an explanation of the procedures for Settlement Class Members to participate in the proposed Settlement.

No objections have been made, timely or otherwise, pursuant to the Class Notice sent to the Settlement Class members, nor did any objectors appear at the time of the hearing.

This matter having come before the Court for hearing pursuant to the Order of this Court dated May 21, 2020, for final approval of the settlement set forth in the Settlement Agreement and Release ("Settlement"), and due and adequate notice having been given to the Settlement Class Members as required in said Order, and the Court having considered all papers filed and proceedings had herein and otherwise being fully informed of the promises and good cause appearing therefore, it is ORDERED, ADJUDGED AND DECREED THAT:

1. This Court has jurisdiction over the subject matter of the Action and over all of the parties to the Action.
2. The Court finds that the Settlement Class is properly certified as a class for settlement purposes only.
3. The Class Notice provided to the Settlement Class conforms with the requirements of Fed. Rule Civ. Proc. 23, the California and United States Constitutions, and any other applicable law, and constitutes the best notice practicable under the circumstances, by providing individual notice to all Settlement Class Members who could be identified through reasonable effort, and by providing due and adequate notice of the proceedings and of the matters set forth therein to the other Settlement Class Members. The notice fully satisfied the requirements of Due Process. No Settlement Class Members have objected to the terms of the Settlement.
4. Only **206 Settlement Class Members** have requested exclusion from the Settlement. They are listed in **Exhibit A** to this order.
5. The Court finds that Defendant properly and timely notified the appropriate government officials of the Settlement Agreement, pursuant to the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. § 1715. The Court has reviewed the substance of Defendant's notice, and finds that it complied with all applicable requirements of CAFA. Further, more than ninety (90) days have elapsed since Defendant provided notice pursuant to CAFA and the Final Approval Hearing.
6. The Court finds the Settlement was entered into in good faith, that the settlement is fair, reasonable and adequate, and that the Settlement satisfies the standards and applicable requirements for final approval of this class action settlement under California law, including the provisions of Fed. Rule Civ. Proc. 23. The Court finds that the consideration to be paid to members of the Settlement Class is reasonable and in the best interests of the

Settlement Class Members considering the disputed facts and circumstances of and affirmative defenses asserted in the Action and the potential risks and likelihood of success of pursuing litigation on the merits.

7. The Court finds that the requirements of Rule 23(e)(2) of the Federal Rules of Civil Procedure are satisfied with request to the settlement. The Class representatives and class counsel have adequately represented the class, as demonstrated by their efforts in certifying the class by contested motion after significant formal discovery and motion practice. The Court found that these requirements were satisfied in its May 21, 2020 Order granting Plaintiffs' motion for class certification. Dkt. No. 46. Based on the record before the Court, The Court is persuaded that these requirements continue to be satisfied. Further, the settlement was negotiated at arm's length, with the assistance of experienced mediator Hon. George H. King (ret.), and over the course of several sessions of subsequent negotiations, conducted with the oversight and assistance of Judge King. The Court further finds that the relief provided to the class is adequate, fair and reasonable taking into account the costs, risks and delay of trial and appeal. Defendant articulated several bases upon which it planned to mount a vigorous defense, including contesting certification, contesting plaintiffs' claims at summary judgment and trial and filing potential appeals. Plaintiffs and Class Counsel adequately and appropriately considered these risks in negotiating a settlement. Additionally, the method of distributing relief to the class, by giving direct notice by mail, and creating a pro rata distribution of a common fund without reversion, is a method of distribution and settlement that is commonly accepted by courts, including by This Court, as satisfying the requirements of Rule 23(e)(2). The terms of the proposed award of attorney's fees are fair and determined to be fair and reasonable, given the length of time in litigation, and the results achieved. The timing of

payment is fair because fees and costs will be paid out of a common fund, at the same time as the remainder of the class members. Finally, the settlement puts all class members on equal footing, which is appropriate under the facts of this case, which involves the same statutory damages awarded to each class member. Accordingly, the Court finds that the requirements of Rule 23(e)(2) are satisfied.

8. The Court has specifically considered the factors relevant to class settlement approval (*see*, *e.g.*, *Churchill Vill., L.L.C. v. Gen. Elec.*, 361 F.3d 566 (9th Cir. 2004))—including, *inter alia*, the strength of Plaintiff's case; the risk, expense, complexity, and likely duration of further litigation; the risk of not maintaining class action status throughout trial; the relief provided for in the settlement; the extent of discovery completed and stage of the proceedings; the experience and views of counsel; and the reaction of the Settlement Class Members to the proposed settlement (including the claims submitted, the small number of opt-outs, and the lack of objections)—and upon consideration of such factors finds that the Settlement is fair, reasonable, and adequate to all concerned.

9. Accordingly, the Settlement is hereby finally approved in all respects, and the Parties are hereby directed to implement and consummate the Settlement Agreement according to its terms and provisions.

10. The terms of the Settlement Agreement and of this Final Order, including all exhibits thereto, shall be forever binding in all pending and future lawsuits maintained by the Named Plaintiff and all other Settlement Class Members, as well as their family members, heirs, administrators, successors, and assigns. This Judgment shall not bind those Class members which have opted out of the Settlement. A true and correct copy of the names of Class Members who opted out is attached hereto as **Exhibit A**.

11. Upon entry of this Order, compensation to the participating Settlement Class Members shall be effected pursuant to the terms of the Settlement.

12. In addition to any recovery that Plaintiffs may receive under the Settlement, and in recognition of the Plaintiffs' efforts and risks taken on behalf of the Settlement Class, the Court hereby approves the payment of a Service Award to Plaintiffs, in the amount of $5,000 to Plaintiff for his role as a Class Representative.

13. The Court approves the payment of attorneys' fees to Class Counsel in the sum of $1,250,000. The Court finds this amount reasonable: it is about 1.7 times the lodestar but only 20% of the settlement fund and therefore less than the 25% benchmark generally considered reasonable for class action settlements. The Court also approves the reimbursement of litigation expenses in the sum of $30,061.51.

14. The Court approves and orders payment in an amount commensurate with P&N Consulting's actual costs, and not to exceed $1,550,000.00 to P&N Consulting for performance of its settlement claims administration services.

15. Upon the Effective Date, the Plaintiffs and Settlement Class Members, except the excluded individuals referenced in paragraph 4 of this Order, shall have, by operation of this Order and the accompanying Judgment, fully, finally and forever released, relinquished, and discharged Defendant from all claims or liabilities arising from or related to the facts, circumstances or subject matter of this Action, as set forth in the Settlement Agreement. Upon the Effective Date, all Settlement Class Members shall be and are hereby permanently barred and enjoined from the institution or prosecution of any and all Released Claims that are released under the terms of the Settlement. This Lawsuit and all claims of Plaintiffs and the Settlement Class Members are hereby dismissed with prejudice. Furthermore, Plaintiffs and all Settlement Class Members are hereby barred

and permanently enjoined from (a) filing, commencing, prosecuting, intervening in, promoting, or participating (as class members or otherwise) in any lawsuit in any jurisdiction based on or arising out of the claims and causes of action, or the facts and circumstances relating thereto, in this Action; and (b) organizing Settlement Class Members who have not been excluded from the Settlement Class into a separate class for purposes of pursuing as a purported class action any lawsuit (including by seeking to amend a pending complaint to include class allegations, or seeking class certification in a pending action) based on or relating to the claims and causes of action, or the facts and circumstances relating thereto, in this Action.

16. This Final Order and the Settlement Agreement (including the exhibits thereto) may be filed in any action against or by any Released Party (as that term is defined herein and the Settlement Agreement) to support a defense of *res judicata*, collateral estoppel, release, good faith settlement, judgment bar or reduction, or any theory of claim preclusion or issue preclusion or similar defense or counterclaim.

17. This Order, the Settlement, and any and all negotiations, statements, documents, and/or proceedings in connection with this Settlement are not, and shall not be construed as, an admission by Defendant of any liability or wrongdoing in this or in any other proceeding.

18. Upon completion of administration of the Settlement, the Parties shall file a declaration setting forth that claims have been paid and that the terms of the Settlement have been completed.

19. This Judgment is intended to be a final disposition of the above captioned action in its entirety and is intended to be immediately appealable.

20. This Court shall retain jurisdiction with respect to all matters related to the administration and consummation of the settlement, and any and all claims,

asserted in, arising out of, or related to the subject matter of the lawsuit, including but not limited to all matters related to the Settlement and the determination of all controversies related thereto.

**IT IS SO ORDERED.**

Dated: November 25 2020



Honorable Andre Birotte, Jr.
United States District Court Judge

**AmeriSave TCPA Settlement – Exclusion Requests**
*Terry Fabricant v. AmeriSave Mortgage Corporation, No. 2-19-cv-04659-AB-AS*

# EXHIBIT A

**AmeriSave TCPA Settlement – Exclusion Requests**
*Terry Fabricant v. AmeriSave Mortgage Corporation, No. 2-19-cv-04659-AB-AS*

Below is the list of exclusion requests received by the Settlement Administrator.

1. Tom Tracy
2. Peter Caruso
3. Ronald Davis
4. Edward Bloomfield
5. Megan Bloomfield
6. Matthew Dow
7. Francis De St. Aubin
8. Andrew Burkholder
9. Patricia Clark
10. Eric Vanpelt
11. Loren Zadecky
12. Patricia Tarantino
13. Margaret Waltz
14. Devi Kc
15. Alvin Weaver
16. Shawn Martin
17. Aryana Sabinath
18. Eddie Ackiss
19. James Tyson
20. Aun Seng
21. Toby Simpson
22. Albert Cortina
23. Ann Hines
24. Carl Wannemacher
25. Adam Hemmida
26. Robert Debock
27. Stephanie Higdon
28. James Cartwright
29. Barbara Ewer Jones
30. Mary Augustyniak
31. Ernest Hale
32. Luther Davis
33. Marcos Tijerina
34. Dennis Doyle
35. Rich Sarsfield
36. Miguel Rangel
37. Dina Sanchez
38. Muhammad Saqib
39. Jessica Sergeant
40. Jonathan Belden
41. Walter Johnson

**AmeriSave TCPA Settlement – Exclusion Requests**

*Terry Fabricant v. AmeriSave Mortgage Corporation, No. 2-19-cv-04659-AB-AS*

42. Mark Wyman
43. Frank Beiter
44. Clyde Gardner
45. Paul Collum
46. Jay Long
47. Carla Ronan
48. Louise Brough
49. Angela Garcia
50. Olena Gordiyenko
51. Kamalf Al Dawood
52. Anthony Gale
53. Elaine Nelson
54. Martha Rocha
55. Xuejun Zhang
56. Roger Mcdermott
57. Daniel Glaeser
58. Deidra Mcafee
59. Lacey Hochleutner
60. Joann Rice
61. Drew Jensen
62. Hargis Miller
63. David Giannelli
64. David Rainsberger
65. Zahir Nuristani
66. Claudine Reynolds
67. Rosita Taguian
68. Samuel Rosete
69. Tony Allen
70. Andrew Speese
71. Darold Benjamin
72. Deborah Wilson
73. Diane Lee
74. Tasha Carra
75. Vincenzo Esposito
76. Enrique Hernandez
77. Elisabeth Winter
78. Rashauna Larson
79. Ginny Hobbs
80. Susan Dyer
81. Doveline Borges
82. Nicola Gerbino
83. Kathy Whitmore
84. Allison Mondragon
85. Louis Costanza

**AmeriSave TCPA Settlement – Exclusion Requests**

*Terry Fabricant v. AmeriSave Mortgage Corporation, No. 2-19-cv-04659-AB-AS*

86. Yosselin Guzman
87. George Lee
88. Wesley Palmerlasky
89. Sunil Bhaskarla
90. Karen Slaughter
91. Sudhindra Patri
92. Cesar Pedrero
93. Nicole Newman
94. Robert Ellis
95. Diana Kelley
96. Valerie Aguirre
97. Lana Olsson
98. George Gubko
99. Joshua Hudson
100. Deborah Solomon
101. Steven Acuff
102. Beverly Davis
103. Carole Hall
104. Rosa Martinez
105. Thomas Mikesell
106. Robert Pacheco
107. Jialong Wu
108. Sherri Davis
109. Carol Jackson
110. Carol Nakatsui
111. Dani Saltarelli
112. David Peterson
113. Amrin Habib
114. Yuki Yabushita
115. Vaquas Saleem
116. April Fisher
117. William Terry
118. William Terry
119. Ryan Penner
120. Todd Vandercreek
121. Carolyn Sellman
122. Eileen Pearson
123. Ricardo Robles
124. Searra Jones
125. Lorrie Blake
126. Diana Dascalescu
127. Anna Costantini
128. Perla Araneta
129. Robin Brown

**AmeriSave TCPA Settlement – Exclusion Requests**

*Terry Fabricant v. AmeriSave Mortgage Corporation, No. 2-19-cv-04659-AB-AS*

130. Thomas Oneil
131. Catheryn Kemp
132. Timothy Brown
133. Nicholas Bocklet
134. Joshua Giuliani
135. Ryan Franz
136. Patricia Dandrea
137. Thomas Morris
138. Arginell Anderson
139. James Badrian
140. Scott Baran
141. Debra Boyd
142. Kerrie Brooks
143. Anna Campbell
144. Paula Carra
145. Earick Carter
146. John Carter
147. Susan Casp
148. James Cogar
149. Willy Collins
150. Lawrence Coplin
151. Kelvin Cuevas
152. Randolph Dandry
153. William Debruler
154. Patrick Frazier
155. Vickie And James Gilley
156. Orlando Giron
157. Melinda Glover
158. Jasmine Green
159. James Hammond
160. Shelia Holmes
161. William James
162. Teosha Jarrett
163. Sandra Jones
164. Carole Keeley
165. Robert Kessel
166. Karl King
167. Janet Lavenger
168. Jennifer Mccann
169. Kevin Melton
170. Cathy Louise Most
171. Jeremy Nix
172. William O'Neal
173. James Patterson

**AmeriSave TCPA Settlement – Exclusion Requests**

*Terry Fabricant v. AmeriSave Mortgage Corporation, No. 2-19-cv-04659-AB-AS*

174. Steven Patterson
175. Peggy Paynter
176. Veronica Preseley
177. Vernon Ricks
178. Terry Runner
179. Rodney Salsman
180. Dorothy Sandman
181. Samuel Schlosser
182. Jacob Shropshier
183. David Smith
184. Kevin Stewart
185. Thomas Strand
186. Sally Sylvia
187. Sherman Thomas Jr.
188. Jennifer Thompson
189. Keith Travis
190. Bernard Vanderhorst
191. Phil West
192. Pamela Wiegand
193. Michael Wiley
194. Robert Winter
195. Cathy Witherspoon
196. Kathleen A. Flynn
197. Melodie Menzer
198. Rebecca Starr
199. David Parmentier
200. Deanna Bolden
201. Aaron Amerson
202. Annette Ward
203. Shane Karjala
204. Kerry Meeker
205. Lloyd Parker
206. Pedro De La Fuente